IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:13-CV-03114-REB — MJW

KARY BERRY, on behalf of herself and all other similarly situated persons,

Plaintiffs,
v.

DOC POPCORN DEVELOPMENT, INC., a Colorado corporation, and DOC POPCORN INTERNATIONAL, INC., a Colorado corporation,
Defendants.

---

STIPULATED PROTECTIVE ORDER ( Docket No. 27-1 )

---

In order to preserve and maintain the confidentiality of the information contained in certain documents produced as between Plaintiffs Kary Berry, on behalf of herself and other similarly situated persons ("Berry"), and Defendants Doc Popcorn Development, Inc. and Doc Popcorn International, Inc. ("Doc Popcorn"),

**IT IS ORDERED THAT:**

1. Documents and information to be produced by any party to this action or third persons during discovery in this matter which contain confidential, proprietary, or trade secret information, including but not limited to documents which contain confidential, trade secret, or proprietary personal or business information of, or pertaining to the parties, or other third parties, and all information derived from such documents, including but not limited to extracts, memoranda, notes, and correspondence quoting from or summarizing such information, shall hereafter be referred to generally as "Protected Documents." When used in this Protective Order,

the word "documents" is used in its broadest sense and includes "documents" and "electronically stored information" as those terms are used in Rule 34, Federal Rules of Civil Procedure. Except as otherwise indicated below, documents designated by the producing party as either or both "Confidential—Subject to Protective Order," or similar phrase, or "For Attorney Eyes Only" that are produced in this action shall be Protected Documents and given confidential treatment as described below.

2. Both the Protected Documents and the information contained therein shall be treated as confidential and shall be used solely for the purpose of prosecuting or defending this action. Except upon the prior written consent of the producing party or upon further order of the court, the Protected Documents or information contained therein which are designated as "For Attorney Eyes Only" may be shown, disseminated, discussed or disclosed only to the following persons:

(a) Counsel of record in this action, other members of counsel's law firm, and any other counsel associated to assist in the preparation or trial of this action;

(b) Employees of counsel of record or of associated counsel who assist in the preparation or trial of this action;

(c) Outside experts and consultants retained by any party in good faith for the preparation or trial of this action. Prior to any such disclosure, however, the Plaintiffs agree to meet and confer with Defendants to ensure that the outside expert or consultant is not employed by or has an ownership interest in any competitor of Doc Popcorn, or its affiliates, subsidiaries, or successors. If the Parties cannot a mutual

reach agreement on disclosure to the outside expert or consultant, the Parties agree to bring a motion before the Court to determine whether disclosure shall be allowed.

(d) Current or former employees or agents of the party or person who produced the Protected Document;

(e) Stenographic reporters engaged for depositions or proceedings necessary to this action;

(f) Employees of outside copy services used to make copies of Protected Documents; and

(g) The court and its staff.

3. Except upon the prior written consent of the producing party or upon further order of the court, the Protected Documents or information contained therein which are designated "Confidential—Subject to Protective Order," or similar phrase, and which are not designated as "For Attorney Eyes Only," may be shown, disseminated, discussed, or disclosed only to the persons identified in subparagraphs (a) through (g) of paragraph 2 above and to the parties to this action. To the extent that the Parties cannot reach agreement regarding the disclosure of non-party witnesses, Parties agree to meet and confer to attempt to reach a compromise position before bringing a motion before the Court to determine whether disclosure shall be allowed.

4. Before receiving access to any of the Protected Documents, or the information contained therein, that was produced by an opposing party, each person described in subparagraphs 2(c) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing to be

3

bound by its terms and to be subject to the jurisdiction of this court by either signing a copy of this Protective Order or a declaration in the form attached as <u>Exhibit 1</u> or, if during a deposition, then by oral declaration on the record in substantially the same language as <u>Exhibit 1</u>.

5. Nothing in this Protective Order shall relieve any former employee of any producing party or third person of any previous existing obligations to maintain in confidence information or documents obtained in the course of his or her employment.

6. Prior to designating any material as "Confidential—Subject to Protective Order" or "For Attorney Eyes Only," the producing party will make a bona fide determination that the material is, in fact, of a confidential, proprietary or trade secret nature. Generally, to qualify for Attorneys Eyes Only protection, the document should be of such a highly secret nature that the designating party could suffer damage if the designated material is disclosed to the opposing party. If a receiving party disagrees with the designation of any document, it will so notify the producing party in writing and, if the parties cannot resolve the issue within ten business (10) days of the producing party's receipt of the notice, the objecting party will have the option to apply to the court to set a hearing for the purpose of establishing that good cause does not exist for the document to be protected. The party who designated a document as "Confidential—Subject to Protective Order" or "For Attorney Eyes Only" has the burden of proving good cause exists for a document to come within the protection of or be subject to this Protective Order. The objecting party will treat any document so-marked as

4

"Confidential-Subject to Protective Order" or "For Attorney Eyes Only," as originally designated, until the court enters a contrary ruling on the matter.

7. To the extent that Protected Documents or information contained therein are used in the taking of depositions, or in any filing with the court, such documents or information shall remain subject to the provisions of this Protective Order. Protected Documents that are used in any filing with the court shall be filed in accordance with D.C.Colo.LCivR 7.2.To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order. Such documents are to be maintained under seal by the court reporter. With respect to any deposition or hearing transcript, the producing party may, on the record or within thirty (30) days after receipt of the transcript, designate portions of the transcript relating to the information specified in paragraph 1 above as Protected Documents as "Confidential—Subject to Protective Order" and/or "For Attorney Eyes Only" under this Protective Order. During the first thirty (30) days following receipt of a transcript, the entire transcript shall be treated as "For Attorney Eyes Only." However, this provision does not prevent the deponent from reviewing the transcript in accordance with Rule 30(e), Federal Rules of Civil Procedure.

8. Counsel for each party will maintain a list of each person described in subparagraphs 2(c), 2(d), and any non-party witnesses who were provided with any Protected Document or thing or information contained therein that was provided by the opposing party, along with the signed Protective Order or declaration, where applicable.

The list and each signed Protective Order or declaration shall be available for inspection by the court and, at the conclusion of this action, by the producing party.

9. Within sixty (60) days after final termination of this action, counsel shall return to the producing party the Protected Documents and all copies of those documents in the possession of counsel, his or her clients, and counsel's clients' consulting and testifying experts. Counsel shall certify in writing that all such documents and copies thereof have been returned to the producing party and each expert who received copies of such documents shall also certify that he or she has destroyed all notes, memoranda, electronically stored information, or other documents created by that expert from or containing information contained in the Protected Documents. Alternatively, the receiving party may certify that it has destroyed all Protected Documents in lieu of returning said materials.

10. All parties reserve the right to apply to the court for an order modifying or amending the terms of this Protective Order, either upon consent of all other parties or upon a showing of good cause and other appropriate showing under the particular circumstances.

11. After the termination of these matters, the provisions of this Protective Order shall continue to be binding.

12. The parties and every person who agrees to be bound by the terms of this Protective Order agree that this court shall have jurisdiction over the parties, their attorneys, and experts for enforcement of the provisions of the Protective Order

~~following the~~ until termination of this litigation and, by the parties' stipulation to this Protective Order, hereby consent to this court's jurisdiction.

13. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

14. If another court, agency or person subpoenas or orders production of Protected Documents that a party has obtained under the terms of this Order, such party shall promptly notify the other parties of such subpoena or orders prior to the date of the return of the subpoena. The subpoenaed party shall refrain from producing any Protected Documents until such notice is received by the Producing Party and, in the case of any subpoenaed information, shall not produce the Protected Documents unless and until they receive the consent of the Producing Party or an Order from a Court or other Legal Body of competent jurisdiction over the Parties or the subject matter of the litigation compelling such production.

**SO STIPULATED: [signature pages to follow]**

Dated February 14, 2014                                Dated February 14, 2014

s/ Paul M. Grant                                       s/ Andrew P. Beilfuss

| Paul M. Grant | Andrew P. Beilfuss |
| --- | --- |
| Goodreid Grant & Kuhn LLC | QUARLES & BRADY LLP |
| 143 Union Boulevard, Suite 550 | 411 East Wisconsin Avenue, Suite 2350 |
| Lakewood, CO 80228 | Milwaukee, WI 53202-4497 |
| Telephone: (720) 545-0883 | 414.277.5111 |
| Attorneys for Plaintiffs | Attorneys for Defendants |

**IT IS SO ORDERED:**

Dated: February 18, 2014

Hon. Michael J. Watanabe
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:13-CV-03114-REB

KARY BERRY, on behalf of herself and all other similarly situated persons,

Plaintiffs,
v.

DOC POPCORN DEVELOPMENT, INC., a Colorado corporation, and DOC POPCORN INTERNATIONAL, INC., a Colorado corporation,
Defendants.

## DECLARATION

1. I have read the Protective Order attached hereto, and I understand and will abide by its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court for the District of Colorado, and binds me to the provisions of the Protective Order.

I declare under penalty of perjury under the laws of the State of Colorado and of the United States, 28 U.S.C. § 1746, that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2014.

_____